FILED

MAY 0 9 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
              DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | |
| Plaintiff, | * * | |
| V. | * * | SA-01-CA-325 (IV) |
| JAFFE GROUP, INC. dba Southwest Realty Management, Inc., | * * * * | |
| Defendant. | * | |

## ORDER

On this day came on to be considered the motion for summary judgment filed by the plaintiff in the above-styled and numbered cause. No response in opposition has been filed. Upon consideration, the Court is of the opinion that the motion is meritorious and should be granted.

### Summary Judgment

Rule 56(a) and (b), Fed.R.Civ.P., provides that a defending party may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor. Summary judgment shall be rendered if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as



a matter of law. Rule 56(c), Fed.R.Civ.P. A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party opposing a motion must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). An adverse party may not rest upon the mere allegations or denials of its pleadings, but its response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial; if it does not so respond, summary judgment, if appropriate, shall be entered against it. Rule 56(e), Fed.R.Civ.P.

### Findings of Fact

Upon consideration of the uncontroverted summary judgment evidence, the Courts finds as follows:

1. The Equal Employment Opportunity Commission ("EEOC") is an agency of the United States charged with the administration, interpretation and enforcement of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §626.

2. The EEOC is expressly authorized to bring this action under Section 7(b) of the ADEA, 29 U.S.C. §626(b) as amended by §2 of the Reorganization Plan No. 1 of 1978,

92 Stat.3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

3. At all relevant times, defendant Jaffe Group, Inc. d/b/a Southwest Realty Management Group, Inc. ("Jaffe") has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. §630(b), (g) and (h).

4. Olga Crawford ("Crawford") filed a timely charge of discrimination (EEOC Charge No. 360 99 1045) with the EEOC alleging that Jaffe discharged her on the basis of age in violation of Section 4 of the ADEA, 29 U.S.C.§(a).

5. On or about August 3, 2000, the EEOC issued a letter of determination finding reasonable cause to believe that Crawford and a similarity situated individual, Leora M. Kiel ("Kiel"), were discriminated against by Jaffe on the basis of their ages.

6. H. Jack Pytel, Jr. was Jaffe's legal representative during the conciliation process of EEOC Charge No. 360 99 1045.

7. On or about December 12, 2000, Jaffe and the EEOC entered into a conciliation agreement to resolve Crawford's charge of discrimination.

8. Under this conciliation agreement, Jaffe agreed to: (1) correct its employment practices regarding age discrimination and retaliation, (2) provide the EEOC with reports regarding EEO training and revised EEO policies/procedures, (3) notify its employees of the revised EEO policies by January 3, 2001, and (4) pay Crawford $13,500.00 and Kiel $7,500.00 by December 23, 2000.

9. H. Jack Pytel entered into the conciliation agreement on behalf of Jaffe.

10. H. Jack Pytel had complete authority to enter into the conciliation agreement on behalf of Jaffe.

11. To date, Jaffe has not performed any of its duties and obligations under the conciliation agreement, including providing the EEOC with reports regarding EEO training and policies, notifying all employees of its revised EEO policies, and paying the agreed upon amounts to Crawford and Kiel.

12. Neither the EEOC nor Crawford has filed suit against Jaffe based on Crawford's age discrimination claim in EEOC Charge No. 360 99 1045.

## Conclusions of Law

The Court concludes based on the above findings, that there is no genuine issue as to the breach of the conciliation agreement between the parties. The Court also concludes that there is no material fact in existence which would preclude the granting of summary judgment in favor of the plaintiff. Rule 56 Fed.R.Civ.P.

---

It is therefore **ORDERED** that the plaintiff's motion for summary judgment is **GRANTED**.

It is **FURTHER ORDERED** that within ten (10) days of the entry of this Order, Jaffe shall correct its employment practices regarding age discrimination and retaliation;

4

provide the EEOC with reports regarding EEO training and revised EEO policies/procedures; notify its employees of the revised EEO policies; and make payment to Crawford (3313 Lemmontree Lane, Plano, Texas 75074) and to Kiel (14122 Churchill Estates #302, San Antonio, Texas 78248) in the full amounts reflected in the concilitation agreement.

Signed: May 9, 2002

_____
UNITED STATES DISTRICT JUDGE